## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CRAIG R. FRANKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-01248-TWP-MG |
| | ) | |
| GEICO CAUSUALITY COMPANY, and | ) | |
| PAUL A. FELIX, in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on Defendant Paul A. Felix's ("Judge Felix") Motion to Dismiss (Dkt. 17), and Defendant GEICO Causality Company's ("GEICO") Motion to Dismiss (Dkt. 20). After being involved in a scooter/automobile accident caused by a motorist insured by GEICO and disagreeing with GEICO about the valuation of his claim, *pro se* Plaintiff Craig R. Franke ("Mr. Franke") filed suit in state court. The state court action was presided over by Judge Felix, who ultimately granted GEICO's motion to dismiss the case. Mr. Franke brings the instant action alleging both federal and state law claims against GEICO and Judge Felix relating to the handling of his personal injury state court proceeding over which Judge Felix was the presiding judicial officer. For the following reasons, the Defendants' Motions to Dismiss are **granted**.

## I.   BACKGROUND

As the rules require when evaluating the sufficiency of a complaint, the court accepts well-pleaded facts as true, and draws all inferences in the plaintiff's favor. *See Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). On August 26, 2017, Mr. Franke suffered spinal injuries following an automobile/scooter collusion that occurred on August 26, 2017, in Hamilton County, Indiana. (Dkt. 1 at 3.) Blake Gardner, the operator of the automobile was insured by GEICO and

he admitted fault to the traffic constable at the scene of the collision. *Id*. GEICO made a settlement offer to the Mr. Franke which he rejected as insignificant to cover his medical costs, future medical costs, loss of enjoyment, pain and suffering. *Id*. at 4. Mr. Franke filed suit in the Hamilton County Circuit Court and Judge Felix, a "judicial employee of the Hamilton County Circuit Court", presided over the proceedings. *Id*.

Throughout the course of the proceedings in the Hamilton County Circuit Court, Judge Felix made decisions that directly undermined Mr. Franke's right to a fair and impartial trial. *Id*. at 4. "As the suit proceeded, GEICO further sought to undermine plaintiff Franke's suit by asking [Judge] Felix to allow the transfer of the plaintiffs [sic] medical records from a 'secure server', (Hospital) to an 'Unsecured' (third party) server." *Id*. Mr. Franke alleges that "GEICO's request was in defiance of Federal Law and obstruction of plaintiffs [sic] rights & protections under the Federal 'Health Insurance Portability and Accountability Act' (HIPAA) as the overall intent & purpose of the act is to protect the privacy of medical records." *Id*. at 5-6. Judge Felix granted GEICO's discovery request which denied his rights under HIPAA and due process under the 14th Amendment. *Id*. at 6. Mr. Franke alleges that Judge Felix granted motions *in limine* filed by GEICO which inhibited his free protected speech by prohibiting a jury from knowing information such as GEICO's liability, obstruction of justice, willful disregard of his protected speech and rights to a fair trial. *Id.* at 7. The suit against GEICO was dismissed by Judge Felix in a ruling that stated "essentially GEICO insurance can't be sued." *Id*. at 5. Mr. Franke alleges that "[Judge] Felix and GEICO conspired together collectively to undermine plaintiffs personal injury suit." *Id*. at 10.

Concerning his state law claims, Mr. Franke alleges GEICO, as the liability insurer of Blake Gardner—who negligently collided with him when he was on the scooter—breached its

implied agreement with him for failure to compensate him for sustained loses.  *Id*. at 18.  Mr. Franke alleges that GEICO's actions, were undertaken "in bad faith, despite the plaintiff's personal injuries and with deliberate disregard for the contractual rights of the plaintiff and did breach the covenant of good faith and fair dealing." *Id*.

On May 19, 2021, Mr. Franke filed the instant action.  (Dkt. 1).  His Complaint asserts seven claims against GEICO: Counts 1, 2, 3 and 5 allege violations of his rights pursuant to the First and Fourteenth Amendment of the United States Constitution (42 U.S.C. §1893); Count 4 alleges violation of the HIPAA; Counts 6 and 7 allege state law claims respectively, for breach of implied contract and breach of implied covenant of good faith and fair dealing.  (Dkt. 1 at 11-19.)

## II.  <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff.  *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the factual sufficiency. *Szabo v. Bridgeport Mach., Inc*., 249 F.3d 672, 675-76 (7th Cir. 2001).  The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level."  550 U.S. 544, 555 (2007).  Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of

the elements of a cause of action" are insufficient. *Id.* The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

*Pro se* complaints are to be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotation marks omitted). However, it is also well established that *pro se* litigants are not excused from compliance with procedural rules. *See Feresu v. Trs. of Ind. Univ.*, 2017 U.S. Dist. LEXIS 66452, at *18–19 (S.D. Ind. May 2, 2017).

### III.  DISCUSSION

To survive dismissal Mr. Franke's Complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. GEICO argues it is entitled to dismissal because (1) Indiana law precludes direct actions against insurance companies except for very specific reasons which do not exist in this case, and (2) Indiana law does not recognize a third-party action for alleged bad faith or a violation of the duty of good faith and fair dealing. All of the counts in Mr. Franke's Complaint are directed at GEICO and not against Judge Felix, and he seeks compensatory and punitive damages only against GEICO. However, in his Response brief, Mr. Franke points out that Judge Felix is named in his "individual capacity" and argues that "defendant Felix had no jurisdiction to deprave [sic] the defendant of his constitutional rights as explicitly detailed in the complaint." (Dkt. 25 at 1, 5). Accordingly, because the *pro se* Complaint

is liberally construed, the Court will provide analysis with respect to both Defendants' motions to dismiss.

A.   **Judge Felix's Motion to Dismiss**

The federal claims against Judge Felix are dismissed because of his absolute immunity from the actions (judicial rulings) attributed to him. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

As argued by Judge Felix, absolute immunity is not overcome by allegations that the act is malicious, corrupt, or motivated by bad faith. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Neither is the immunity defeated by allegations that the judge conspired with non-immune persons. *Peña v. Mattox*, 84 F.3d 894, 897 (7th Cir. 1996); *John v. Barron*, 897 F.2d 1387, 1391-92 (7th Cir. 1990). Rather, judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity, or (2) if the action is taken in complete lack of jurisdiction. *Mireles*, 502 U.S. at 11-12.

In the instant action, the Complaint challenges decisions and rulings made by Judge Felix during the course of a state court civil action in which the Mr. Franke is a plaintiff. All of the challenged conduct was performed by Judge Felix in his official capacity and while exercising the jurisdiction of his judicial office. Mr. Franke's argument that he is suing Judge Felix in his individual capacity makes no difference. The Complaint does not allege that Judge Felix was at any time acting outside of his official capacity, nor could he plausibly make such an argument.

All of Judge Felix's alleged conduct was clearly within the scope of judicial actions therefore he is entitled to absolute judicial immunity on the federal claims.

As recognized by Mr. Franke in his Complaint, this Court has "[s]upplemental jurisdiction over the pendant state law claims . . . pursuant to 28 U.S.C. [§] 1367(a) and common law." (Dkt 1 at 2.)  Counts 6 and 7, the state law claims for breach of implied contract and breach of implied covenant of good faith and fair dealing, allege no acts on the part of Judge Felix.  Accordingly, Judge Felix is entitled to dismissal because these counts fail to state a plausible claim against him. But, even if the Court were to infer that Mr. Franke is attributing actions by Judge Felix in Counts 6 and 7, dismissal would still be appropriate because Judge Felix is also immune from the state law claims.

Mr. Franke has brought an action sounding in state tort against a state actor (Judge Felix), accordingly, the Indiana Tort Claims Act applies.  "A lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally."  *See* Indiana Code § 34-13-3-5(c).  Mr. Felix has not alleged any of these acts in his Complaint.  Judge Felix is entitled to dismissal of all claims in this action.

**B.**    **GEICO's Motion to Dismiss**

It is undisputed that Indiana law applies in this case.  In Indiana, an "injured third party does not have the right to bring a direct action against a wrongdoer's liability insurer." *Wilson v. Cont'l Cas. Co.*, 778 N.E.2d 849, 850 (Ind. Ct. App. 2002) (quoting *Menefee v. Schurr*, 751 N.E.2d 757, 761 (Ind. Ct. App. 2011)).  There is a limited exception to this rule that provides standing to injured parties to protect a potential interest in a policy (for example, to ensure that it does not

lapse).  *See Cmty. Action of Greater Indianapolis, Inc. v. Ind. Farmers Mut. Ins. Co*., 708 N.E.2d 882, 885 (Ind. Ct. App. 1999) ("the injured victim of an insured's tort has a legally protectable interest in the insurance policy before he has reduced his tort claim to judgment."); *see also Truck Ins. Exch. v. Ashland Oil, Inc.*, 951 F.2d 787, 789 (7th Cir. 1992).  GEICO argues that Mr. Franke's Complaint fails to state a claim upon which relief can be granted for the following reasons:

> In this case, any and/or all of the Plaintiff's claims are based on the alleged negligent action of GEICO Casualty Company's insured in the August 2017 accident, as well as pre-trial motions filed by counsel for GEICO Casualty Company's insured at the state court trial and rulings by Judge Felix on said motions. Such claims are barred under Indiana's "direct action rule", which prohibits bringing a direct cause of action "against an insurer where those claims are based on the actions of an insured." *Myers v. Deets*, 968 N.E.2d 299, 302 (Ind. Ct. App. 2012). In this case, GEICO Casualty Company itself did nothing to violate the civil rights of the Plaintiff, as any actions performed were the normal actions performed by defense counsel in the defense of an insured in a personal injury case in Indiana. As Plaintiff is attempting to bring a direct action against an insurance company in Indiana, which is impermissible under the "direct action rule", all claims should be dismissed.

(Dkt. 21 at 4.)  GEICO is correct.  Indiana law prohibits bringing a direct cause of action "against an insurer where those claims are based on the actions of an insured".  *Myers* at 299, 302.  All of the actions by GEICO alleged in the Complaint were performed by its defense counsel in the defense of Blake Gardner, an insured in Mr. Franke's state court personal injury case.

In his response, Mr. Franke argues that *Menefee* was over turned in *Cain vs. Griffin*, 849 N.E. 2d 507 (Ind 2006).  But Mr. Franke's reliance on *Cain* is misplaced.  Plaintiff Cain was a patron who slipped and fell in the parking lot of the defendant Griffin's restaurant.  She sued the restaurant's commercial liability insurer (Auto-Owners).  Her suit sought compensatory and punitive damages for alleged bad faith practices on the part of Auto-Owners.  The Indiana Supreme Court reviewed the applicable policy language and determined initially that Cain could be a third-party beneficiary of the policy contract as a customer on the premises of the insured restaurant and

could be considered an "insured" for medical payments coverage, specifically because the policy at issue permitted payments for medical bills incurred to a "person injured on that part of premises you own or rent". *Id*. at 514. However, because Auto–Owners did not owe to Cain a duty of good-faith dealing, Cain as a third-party beneficiary of an insurance contract could not proceed on a tort claim against Auto–Owners for failure to deal in good faith. *Id* at 15.

As argued by GEICO, the facts in Mr. Franke's Complaint are not similar to the *Cain* scenario as we are not dealing with a customer on a defendant's premises or a passenger in a vehicle seeking coverage. This case involves alleged personal injuries sustained by Mr. Franke in an accident with GEICO's insured and he is seeking to bring a direct action against GEICO for a tort claim which is still impermissible under Indiana law. The *Cain* decision does not provide Mr. Franke with a basis to proceed with this action.

In addition, Mr. Franke may not bring his bad faith claims against GEICO. Mr. Franke argues that *Donald v. Liberty Mut. Ins. Co.*, 18 F.3d 474 (7th Cir. 1994) supplies the basis for him to bring his bad faith claim. But in *Donald* the plaintiffs' right to sue Liberty Mutual rested not on whether Indiana has authorized direct actions against a tortfeasor's insurer, but rather on whether Donald was a third party beneficiary of the contract providing for medical payment benefits. *Donald* at 481. As noted above, Mr. Franke has not alleged and does not dispute that he is not a third-party beneficiary under the policy contract in effect between GEICO and its insured that was in effect on the date of the August 2017 accident. Thus, there is no "special relationship" between Mr. Franke and GEICO in this matter.[1] An injured third party does not have the right to bring a

---

[1] The *Cain* court held: "Clearly, a relationship exists between an insurer and its insured because they are in privity of contract. However, the existence of a contract, standing alone, does not give rise to the required 'special relationship' to support imposition of a tort duty. Rather, it is the unique character of the insurance contract which supports the conclusion that there is a 'special relationship.'" *Cain v. Griffin*, 849 N.E.2d 507, 510 (Ind. 2006).

direct action against a wrongdoer's liability insurer.  *See Rausch v. Reinhold*, 716 N.E.2d 993, 1002

(Ind. Ct. App. 1999), trans. denied.  Because Indiana law does not recognize a third-party action

for alleged bad faith or a violation of the duty of good faith and fair dealing, Mr. Franke's state

law claims against GEICO also fail and must be dismissed for failure to state a claim.

## IV.   CONCLUSION

For the reasons set forth above, Defendant Paul A. Felix's Motion to Dismiss (Dkt. 17) is

**GRANTED**.  The claims against Judge Felix are **dismissed with prejudice** because Judge Felix

has absolute immunity and an amended complaint would be futile.[2]

Defendant GEICO Causality Company's Motion to Dismiss (Dkt. 20) is also **GRANTED**.

However, these claims are **dismissed without prejudice**.[3]  Mr. Franke is granted leave to file an

amended complaint within fourteen (14) days of the date of this Entry.  If an amended complaint

is an exercise in futility and/or if nothing is filed, the Motion to Dismiss will be converted to a

dismissal with prejudice and final judgment will issue.

SO ORDERED.

Date: 3/14/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[2] The Court is under no obligation to allow further amendments where doing so would be futile, as it would be here. *See Doermer v. Callen,* 847 F.3d 522, 528 (7th Cir. 2017).

[3] "[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015).

DISTRIBUTION:

Craig R. Franke
11715 Fox Road, #400-202
Indianapolis, Indiana  46236

Thomas Edward Rosta
METZGER ROSTA LLP
tom@metzgerrosta.com

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL'S OFFICE
adrienne.pope@atg.in.gov